FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 FEB 26 PM 12:40
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BARBARA D. CURRY, | ) |
| Plaintiff, | ) |
| v. | ) CV 113-142 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned social security appeal *pro se* on August 9, 2013, and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 2, 3.) Thereafter, the Commissioner filed her answer and submitted the transcript of the administrative proceedings. (Doc. nos. 10, 11, 12, 13, 14.) On December 23, 2013, the Court issued a Briefing Order in which Plaintiff was directed to "serve and file a brief setting forth all errors which Plaintiff contends entitle her to relief" within 30 days. (Doc. no. 15, p. 1.) When Plaintiff failed to file a brief within the allotted time, the Court issued an Order directing Plaintiff to show cause within 14 days why this case should not be dismissed without prejudice for failure to prosecute. (Doc. no. 16.) Plaintiff did not respond to the Show Cause Order; nor has she filed her brief, explained her failure to do so, or communicated with the Court in any way.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of

cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file her brief, respond to the January 30, 2014 Show Cause Order, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Scott v. Colvin, CIV.A. 13-0106-CG-C, 2013 WL 2452313 (S.D. Ala. June 5, 2013) (dismissing plaintiff's case for failure to prosecute when he ignored the court's order to file an amended IFP motion or otherwise pay the filing fee).[3] Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file her case <u>and pursue it</u>.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of February, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[3] The Court is aware that the 60-day period in § 405(g) "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott, CIV.A. 13-0106-CG-C, 2013 WL 2452313, at n.2 (citing Bowen v. City of New York, 476 U.S. 467, 478-480 (1986)). However, the Court makes no definitive finding in this case as to whether a refiled claim would be time-barred and therefore need not examine the issue of equitable tolling.